UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIGEL LUCOMBE,

    Plaintiff,

vs.                                               CASE NO.:  8:25-cv-911-KKM-LSG

HAWKS HOME, LLC  AND DAVID MISIALEK,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM OF LAW

Defendants, HAWKS HOME, LLC and DAVID MISIALEK, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Complaint filed by Plaintiff, NIGEL LUCOMBE, and in support thereof states the follows:

### I.    INTRODUCTION AND SUMMARY

Plaintiff alleges Defendants violated the Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. §227(c), by making a call to a number listed on the National Do Not Call Registry ("DNC"). However, the Complaint fails to state claim because the alleged call was not a "telephone solicitation" within the meaning of the statute. Defendants' communication(s), if any, was for the purpose

of inquiring about the purchase of real property and did not encourage the purchase, rental or investment in goods or services. Accordingly, the DNC provisions of the TCPA do not apply, and the Complaint should be dismissed with prejudice.

## II. MEMORANDUM OF LAW

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matters to "state claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp., et. al. v. Twombly*, 127 S. Ct. 1955 (2007) (internal citations omitted). In making this determination, the Court is restricted to consideration of facts alleged in the complaint itself. *Milburn v. United States*, 734 F. 2d 762, 765 (11th Cir. 1984). When resolving a Rule 12(b)(6) motion, courts must limit their consideration to the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007); see e.g., *GSW, Inc. v. Long County*, 999 F. 2d 1509, 1510 (11th Cir. 1993).

Courts also must accept all well-pled factual allegations – but not legal conclusions – in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197 (2007) (citing *Bell Atlantic Corp.*, 127 S. Ct. 1955); *Quality Feeds De Centro Am. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F. 2d 989, 994-995 (11th Cir. 1983). The Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Serv.*, 901 F. 2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

Here, taking the relevant allegations asserted in Plaintiff's Complaint as true, the Court must conclude that there is no claim upon which this Court could grant relief. Even viewed in the light most favorable to Plaintiff, the Complaint here is legally deficient. It asserts no plausible theory of liability under the TPCA and fails entirely to plead the essential elements of a "telephone solicitation."

B. <u>The DNC Rule Applies Only to "Telephone Solicitations"</u>

Plaintiff's cause of action is premised on 47 C.F.R. §64.1200(c), which restricts "telephone solicitations" to numbers listed on the National Do Not Call Registry. Crucially, "telephone solicitation" is defined by 47 C.F.R. §64.1200(f)(15) as:

> "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services, which is transmitted to any person."

The alleged communication here – an inquiry regarding the possible purchase of real property – simply does not meet that definition. Calls made by a business or individuals seeking to purchase real estate or other property do not meet this definition. The TPCA does not prohibit calls made to determine a consumer's interest in selling property. Courts interpreting this rule have repeatedly held that calls to inquire about purchasing property are not telephone solicitations under TCPA and have consistently rejected efforts to shoehorn real estate purchase inquiries into the TCPA's solicitation provisions. See *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772 (M.D. Fla. December 31, 2013) (dismissing TCPA claims; call to inquire about selling plasma not a telephone solicitation); *Friedman v. Torchmark Corp.*, 2013 WL 4102201 (S.D. Cal. August 13, 2013) (TPCA claim dismissed where no intent to sell goods or services); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) (calls must be solicitations to trigger TCPA liability under DNC rules). Plaintiff's legal theory fails as the TPCA does not impose liability for a call that simply expresses interest in buying property.

C.   <u>The Complaint Fails to State a Claim</u>

Plaintiff's Complaint is devoid of any allegations whatsoever that Defendants attempted to market, advertise, or sell any product, service or investment opportunity. There is no hint of a commercial pitch. Instead, the lone factual allegation is that Defendants contacted Plaintiff regarding a potential real estate transaction – an inquiry inherently outside the scope of 47 C.F.R §64.1200(c). Because this communication falls outside the scope of 47 C.F.R. §64.1200(c), the Complaint fails to state a viable cause of action and should be dismissed with prejudice.

## III. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendants certified that they conferred with Plaintiff prior to filing this motion on May 29, 2025, and Plaintiff opposes the relief requested herein.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court:

1. Dismiss the Complaint in its entity with prejudice;
2. Award Defendants any such other relief as the Court deems just and proper to include reasonable attorneys' fees and/or costs.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the foregoing has been furnished by electronic mail through the CM/ECF on this 29th day of May, 2025 to: Nigel Lucombe via nluccombe@gmail.com and via U.S. Regular Mail to P.O. Box 2589 Lutz, FL 33548.

    Kampf, Inman & Associates, P.A.
    400 North Ashley Drive, Suite 1700
    Tampa, FL  33602
    Telephone: (813) 241-0123
    Facsimile: (813) 241-0205
    Attorneys for Defendant(s)

    */s/ Amber L. Inman*
    Amber L. Inman, Esquire
    Florida Bar No.: 103057
    aliservice@defendfloridainsurance.com