UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIGEL LUCOMBE,

    Plaintiff,

v.                                             Case No.: 8:25-cv-911-LSG

HAWK HOMES, LLC, and
DAVID MISIALEK,

    Defendant.
_____/

## ORDER

    The plaintiff Nigel Lucombe sues the defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and alleges that the defendants called his phone number to solicit services despite his number's listing on the National Do Not Call Registry. Doc. 1. The defendants Hawk Homes, LLC, and David Misialek move to dismiss the complaint and argue that the phone calls fall outside the definition of "telephone" solicitation under the TCPA and that the complaint "is devoid of any allegations whatsoever that [they] attempted to market, advertise, or sell any product, service, or investment opportunity." Doc. 7 at 4–5.

    A court must dismiss a complaint for failure to state a claim if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a

demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3). A court must accept the complaint's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678. A plaintiff must provide a basis for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

"The TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations, and plaintiffs can recover $500 in statutory damages for each violation." *Cordoba v. DirecTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019) (citing 47 U.S.C. § 227(c)(5)). Although the complaint contains no verbatim description of the unwanted telephone solicitations, the complaint alleges facts suggesting that the solicitation involved not only a request to purchase the plaintiff's property but an attempt to sell related services offered by the defendants. Doc. 1 at 8. Accepting the complaint's factual allegations as true, the plaintiff states a claim under the TCPA. Accordingly, the defendants' motion to dismiss, Doc. 7, is **DENIED**. The defendants must file an answer to the complaint no later than July 31, 2025.

**ORDERED** in Tampa, Florida, on the 17th day of July, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge